**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Stephen Baldwin, | ) | |
|             Plaintiff, | ) ) | |
| | ) | Case No. 18 C 6743 |
| v. | ) ) | |
| | ) | Judge John J. Tharp, Jr. |
| Marissa Garbacz, | ) ) | |
|             Defendant. | ) | |

**SECOND AMENDED COMPLAINT**

Plaintiff Stephen Baldwin ("Mr. Baldwin"), by his undersigned appointed counsel, brings this action against Defendant Chicago Police Officer Marissa Garbacz ("Defendant Garbacz") in her official and individual capacity, and for his Second Amended Complaint ("Amended Complaint") and pursuant to Fed. R. Civ. P. 15(a)(2), states as follows:

**NATURE OF THE ACTION**

1. This is an action for the Constitutional violation and other damages Mr. Baldwin suffered as a result of the Defendant Garbacz's tasing Mr. Baldwin while he was elevated off the ground.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Mr. Baldwin's claims under 28 U.S.C. §1331 and §1343(a).

3. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391(b) because the actions forming the basis of this Amended Complaint took place in Cook County.

## PARTIES

4. At all times relevant to this Amended Complaint, Plaintiff Stephen Baldwin was a resident of Markham, Cook County, Illinois. Mr. Baldwin is currently a detainee at the Pollock United States Penitentiary.

5. Defendant Marissa Garbacz is a Police Officer of the Chicago Police Department.

## FACTUAL BACKGROUND

6. On November 28, 2017, Mr. Baldwin was driving in Chicago, Cook County, Illinois, when he was pulled over by Defendant Garbacz and her partner, Marta Zamojska ("Officer Zamojska").

7. Once pulled over, Defendant Garbacz approached Mr. Baldwin on the driver's side of his vehicle and Officer Zamojska approached the passenger side. Defendant Garbacz told Mr. Baldwin that he was pulled over because the license plates on his vehicle were expired and asked for his license and insurance.

8. Defendant Garbacz took the documents provided by Mr. Baldwin back to her vehicle. Officer Zamojska then approached Mr. Baldwin and asked for a second form of identification and Mr. Baldwin responded that he had none. Officer Zamojska then asked Mr. Baldwin to step out of the vehicle and Mr. Baldwin complied.

9. Once out of the vehicle, Officer Zamojska told Mr. Baldwin that they were unable to verify his identity and began to take out her handcuffs. Upon hearing this, Mr. Baldwin fled from Officer Zamojska and a foot chase ensued.

10. Less than two minutes after the chase began, Defendant Garbacz located Mr. Baldwin at the bottom of an outdoor staircase leading to a basement door. Defendant Garbacz pointed her taser at Mr. Baldwin and directed him to put his hands up and come up the stairs. Once

Mr. Baldwin was up the stairs, Defendant Garbacz continued pointing her taser at Mr. Baldwin and directed him to turn around and keep his hands up.

11. Once turned around, Mr. Baldwin was facing a gangway, which had a six-foot-tall gate across it. Mr. Baldwin was about five feet away from the gate. Shortly after turning to face the gate, Mr. Baldwin started to run toward the gate and began to climb it.

12. As Mr. Baldwin reached the top of the gate, Defendant Garbacz told Mr. Baldwin that she was going to tase him and immediately, if not simultaneously, tased Mr. Baldwin as he was straddling the top of the gate.

13. Upon being tased, Mr. Baldwin became temporarily paralyzed and fell onto the concrete sidewalk on the opposite side of the gate, hitting his head in the process.

14. After being tased, Mr. Baldwin was handcuffed and searched. Mr. Baldwin was found to have no weapons on his person.

15. As a result of the fall from the gate caused by the tasing, Mr. Baldwin suffered a head injury which was bleeding. Mr. Baldwin was transported to a hospital by ambulance to address his injuries.

16. As a result of the injuries Mr. Baldwin suffered from the fall caused by the taser, Mr. Baldwin continues to suffer from persistent muscle pain, blurred vision, memory loss and headaches.

17. At all relevant times, the Chicago Police Department referred to the use of a taser on individuals who are elevated above ground as having "increased risk" and directed officers to balance the risks and benefits of taser deployments based on threat to the officer, threat to the subject and public, availability of other force options and the likely outcome of the use of the taser.

A true and correct copy of the Chicago Police Department's Taser Use Incidents General Order is attached hereto as Exhibit A.

## COUNT I

### Violation of 42 U.S.C. Section 1983 Based on Violation of the Fourth Amendment
### (Excessive Force)

18. Mr. Baldwin restates and realleges the foregoing paragraphs as if fully set forth herein.

19. Mr. Baldwin brings this Count I pursuant to 42 U.S.C. Section 1983.

20. As described above, Defendant Garbacz used excessive force against Mr. Baldwin on November 28, 2017, when she tased him while he was elevated off the ground.

21. At all relevant times, Defendant Garbacz was acting under color of state law and within the scope of her employment as a police officer. Defendant Garbacz's actions were a misuse of her powers that she possesses by virtue of state law and which misuse was made possible only because she is clothed with the authority of that state law.

22. Defendant Garbacz's use of excessive force deprived Mr. Baldwin of his right against unreasonable search and seizure protected by the Fourth Amendment to the United States Constitution.

23. While Mr. Baldwin was actively fleeing, he was unarmed, verbally made Defendant Garbacz aware he was unarmed and posed no immediate threat to Defendant Garbacz, the other officers or anyone else. Furthermore, Mr. Baldwin was eventually charged with only non-violent offenses.

24. A reasonable officer in the position of Defendant Garbacz would have known it was objectively unreasonable to tase Mr. Baldwin while he was elevated six feet off the ground,

4

knowing with certainty such an action would cause Mr. Baldwin to fall to the cement ground beneath him and result in serious injury or death.

25. The excessive forced used by Defendant Garbacz against Mr. Baldwin was the direct and proximate cause of serious and ongoing physical and psychological injuries suffered by Mr. Baldwin for which she is liable.

WHEREFORE, Mr. Baldwin requests that the Court enter Judgment in favor of Mr. Baldwin and against Defendant Garbacz for compensatory damages in an amount to be determined at trial, reasonable fees and costs and such other relief as this Court deems just and proper.

## COUNT II

### Battery

26. Mr. Baldwin restates and realleges the foregoing paragraphs as if fully set forth herein.

27. As described above, on November 28, 2017, Defendant Garbacz tased Mr. Baldwin while he was elevated off the ground.

28. Defendant Garbacz's tasing of Mr. Baldwin while he was elevated off the ground was willful and was intended to, and did, cause harmful or offensive contact with Mr. Baldwin to which he did not consent so as to constitute civil battery under the laws of the State of Illinois.

29. Defendant Garbacz's conduct was the direct and proximate case of serious and ongoing physical and psychological injuries suffered by Mr. Baldwin for which she is liable.

WHEREFORE, Mr. Baldwin requests that the Court enter Judgment in favor of Mr. Baldwin and against Defendant Garbacz for compensatory damages in an amount to be determined at trial, reasonable fees and costs and such other relief as this Court deems just and proper.

## COUNT III

### Intentional Infliction of Emotional Distress

30. Mr. Baldwin restates and realleges the foregoing paragraphs as if fully set forth herein.

31. As described above, on November 28, 2017, Defendant Garbacz tased Mr. Baldwin while he was elevated off the ground.

32. Defendant Garbacz, with intent, and without consent or lawful justification, inflicted emotional distress upon Mr. Baldwin.

33. Defendant Garbacz's conduct was extreme and outrageous.

34. Defendant Garbacz either intended her conduct would cause severe emotional distress or, at the very least, knew there was a high probability that her conduct would do so.

35. Defendant Garbacz's conduct was the direct and proximate cause of Mr. Baldwin's persistent severe fear, anguish, humiliation and anxiety.

WHEREFORE, Mr. Baldwin requests that the Court enter Judgment in favor of Mr. Baldwin and against Defendant Garbacz for compensatory damages in an amount to be determined at trial, reasonable fees and costs and such other relief as this Court deems just and proper.

### JURY DEMAND

36. Mr. Baldwin demands a trial by jury.

Dated: December 1, 2021                                      Respectfully submitted,

                                                             */s/* Dara C. Tarkowski
                                                             Appointed Counsel for Stephen Baldwin

Dara C. Tarkowski
Actuate Law, LLC
641 W. Lake Street, 5th Floor
Chicago, IL 60661
(312) 579-3135
dara.tarkowski@actuatelaw.com

6

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that she served copies of the following document:

**Second Amended Complaint**

on all counsel of record this 1st day of December, 2021, by way of the court's CM/ECF System.

/s/ Dara C. Tarkowski